### BERGEN POINT IRON WORKS v. SHAW.

(Circuit Court of Appeals, Fifth Circuit. March 14, 1918.)

No. 3190.

TRIAL ⊜═238—INSTRUCTIONS.

 Where, in a personal injury action, the court, in submitting the de-fense of assumption of risk, severely criticized that doctrine, and the jury, for an injury to an employé's arm similar to a sprained ankle, awarded $7,500 damages, the act of the court, in improperly accompany-ing the instruction with a criticism calculated to prevent the jury from applying the doctrine, was harmful, and necessitates reversal.

In Error to the District Court of the Canal Zone; William H. Jack-son, Judge.

Action by William E. Shaw against the Bergen Point Iron Works. There was a judgment for plaintiff, and defendant brings error. Re-versed and remanded.

Chauncey P. Fairman, of Cristobal, C. Z., for plaintiff in error.

Theodore C. Hinckley and Stevens Ganson, both of Panama, R. P., for defendant in error.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

BATTS, Circuit Judge. Plaintiff (William E. Shaw, defendant in error) instituted suit against defendant (Bergen Point Iron Works, plaintiff in error) for damages for injuries to him as an employé, when, helping cut rivets, he held a bar against a defective rivet, which "hur-riedly broke" when his fellow employé struck the bar. The testimony of a physician introduced by plaintiff indicates the character of the injury:

"Q. Will you please state in what condition you found the arm' of the plaintiff, Shaw? A. The most noticeable thing is a little loss of extension; he does not have quite complete extension. * * * Q. In this case, the plaintiff having that injury, does it affect the movement of the arm? A. Yes; I should say at present he has a partial disability. I would not like to go on record that it will be of a permanent nature. It might improve in several months, or a year or two; but, as it has gone this length of time, it might be that he is liable to have some partial permanent disability there. Q. Doctor, are there any broken bones? A. Yes; we call such a condition a fracture, where the ligaments are detached from the joints. Q. It might be compared to a very severe sprained ankle? A. Yes. Q. In other words, it would be similar to a sprained ankle? A. Yes."

A verdict for $7,500 was returned.

The evidence was such as to call for a charge upon assumed risk. Charges drawn by defendant were tendered, but refused; the refusal being excused upon the ground that the substance had been given in the general charge. That part of the court's charge covering the matter of assumed risk was as follows:

"And then, again, another question would be, if the foreman assumed the responsibility of assuring that it was safe, and that no scaffold was necessary, and that they had to go to work without a scaffold, then I would say, as a matter of law, that he then took that share of responsibility upon himself, or recognized that his duty was to furnish a safe place; but if, after that, the plaintiff assumed to go there and work upon the place, knowing that it was unsafe, with his own eyes open, knowing that it was unsafe, then, although it was unsafe, and although the duty of making it safe was upon the defendant company, if, nevertheless, he went there with knowledge of that fact, and entered upon the work, and injury resulted, he would, as a matter of law, be held to have assumed the risk of working about an unsafe place.

"Now, that has been considered a very harsh principle of law, so much so that Congress has enacted legislation abolishing the defense of fellow servant, contributory negligence, and assumption of risk in certain cases different from this. It is an old law, that has come down to us from generations; that of defense of fellow servants, the defense of contributory negligence, and the defense of the assumption of risks. A great many law writers and distinguished men have discussed this question, and all have arrived at the conclusion that it is unfair and unjust, because a man whose bread and butter and the support of his family depends upon keeping his employment had to go to work in a dangerous place, that it was unfortunate that he should be deprived of his right of earning a living if he went to work in a dangerous place, knowing it to be dangerous. So Congress, in the exercise of its powers over all matters over which Congress has control, has enacted a law abolishing that defense of assumed risk, the defense of fellow servant, and the defense of contributory negligence in certain cases.

"But this is not one of those cases. In this case the old law still prevails, and, as hard as it may seem, that is, if a man, knowing his bread and butter and the support of himself and family depend upon it, goes to work deliberately in a dangerous place, knowing it to be dangerous, and takes that risk, he cannot complain, and he must accept it."

The defendant is not only entitled to a statement of the law in the charge of the court, but is entitled to have it placed before the jury unaccompanied by criticism well calculated to prevent its proper application. It would have been difficult for the jury to regard the attack on the law other than an invitation to nullify, by findings of fact, features objectionable to the court. The damages assessed by the jury

indicate that the court's denunciation of the law was not without effect.

The conclusion reached with reference to the refusal to give the charge requested, taken in connection with the objectionable part of the charge quoted, renders it unnecessary to consider the other assignments of error.

The judgment is reversed, and the cause remanded for a new trial. Reversed and remanded.